## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

**RAINBOW DENTAL, LLC, and**
**SHAUN HWANG,**

      **Plaintiffs,**

**v.**                                          **No. _____**

**DENTAQUEST OF NEW MEXICO, LLC,**
**A foreign Limited Liability Company,**
**And the NEW MEXICO HUMAN SERVICES DEPARTMENT**

      **Defendants.**

## COMPLAINT

COME NOW Plaintiffs Dr. Shaun Hwang and Rainbow Dental LLC, by counsel of record Cadigan Law P.C. (Michael Cadigan and Kristina Caffrey), and for their Complaint against DentaQuest of New Mexico LLC and the New Mexico Human Services Department state as follows:

## PARTIES

1. Plaintiff Dr. Shaun Hwang is a licensed dentist who practices in New Mexico.

2. Plaintiff Rainbow Dental LLC ("Rainbow") is a domestic limited liability company organized and operating under the laws of the State of New Mexico. It has its principle place of business in Bernalillo County, New Mexico.

3. Defendant DentaQuest of New Mexico LLC ("DentaQuest") is a foreign limited liability company with its principal office located in Mequon, Wisconsin. DentaQuest is authorized to transact business in New Mexico and, upon information and belief, can be served with process through the Office of the Superintendent of Insurance.

1

4.  The New Mexico Human Services Department is a governmental agency tasked with administering parts of New Mexico's Medicaid program, which has been called "Centennial Care" since 2014.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and 1343(a). This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6.  Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## FACTS

7.  Title XIX of the Social Security Act, commonly referred to as "Medicaid," is a cooperative federal and state legislative scheme under which a state, through its state agencies, administers a Medicaid program to provide health services to individuals who lack the financial means to obtain health services on their own. In exchange for running a state Medicaid program, the federal government provides funding to the state for the Medicaid administration.

8.  For several decades, New Mexico has administered Medicaid programs through the Department of Human Services ("HSD"). These programs have gone by several different names, including Salud.

9.  In 2014, HSD began using the name Centennial Care to describe its Medicaid program.

10. In exchange for administering Medicaid programs, New Mexico receives federal funding.

11. Pursuant to federal law, the State of New Mexico must provide dental services to eligible Medicaid recipients.

12. NMSA §27-2-12 et seq authorizes and requires the HSD to create a Medicaid administration

2

system for New Mexico. §27-2-12.12 specifically states that HSD "shall provide for a statewide, managed care system to provide cost-efficient, preventive, primary and acute care for medicaid recipients."

13. Upon information and belief, the New Mexico Legislature has vested the HSD with authority to enter into contracts with private managed care organizations ("MCOs") to provide Medicaid services.

14. Upon information and belief, HSD has contracted with MCOs Molina Healthcare, Presbyterian, and Blue Cross Blue Shield to provide and manage dental Medicaid services.

15. Upon information and belief, Molina Healthcare, Presbyterian, and Blue Cross Blue Shield sub-contract the provision and management of dental services to DentaQuest.

16. Upon information and belief, HSD has also directly contracted with DentaQuest to provide and manage dental Medicaid services.

17. The terms of DentaQuest's provision of and management of dental Medicaid services are set out in the Reference Manual attached hereto as Exhibit 1.

18. The terms of the agreement between DentaQuest and the MCOs and/or the HSD give DentaQuest "the sole right to determine which dentists (DDS or DMD) it shall accept and continue as Participating Providers."

19. In 2013, Rainbow Dental applied to become a participating provider with DentaQuest. DentaQuest approved the application, as shown in the letter attached hereto as Exhibit 2.

20. On August 24, 2015, Rainbow Dental received the letter attached hereto as Exhibit 3, in which DentaQuest stated, "DentaQuest's Credentialing Committee has made a determination to terminate Rainbow Dental's continued participation in the DentaQuest network. Thus your participation at Rainbow Dental is also terminated. This letter shall serve as notice that your

3

participation in our network at the Rainbow Dental Location will terminate immediately effective August 25, 2015."

21. The letter stated the reason for termination as "Non-compliance and failure to cooperate with and abide DentaQuest's Credentialing requirements resulting in the submission of false claims and fraudulent billing."

22. The letter then stated that Rainbow had a right to appeal, and "If an appeal is received, you would have the following rights…[including to] receive notice from the Credentialing Committee of their actions and basis for such actions."

23. DentaQuest's August 24, 2015 letter constituted a decision to terminate Medicaid payments to Plaintiffs based on an allegation of fraud.

24. However, DentaQuest failed to properly determine that a "credible allegation of fraud" existed against Plaintiffs, as defined at 42 C.F.R. § 455.2.

25. 42 C.F.R. § 455.23 requires that when Medicaid payments are suspended or terminated because of allegations of "fraud," the notice of termination must "set forth the general allegations as to the nature of the suspension action" and must "Set forth the applicable State administrative appeals process and corresponding citations to State law."

26. The DentaQuest notice did not provide any of the information referred to in ¶24.

27. At the time DentaQuest sent its August 24, 2015 termination notice, DentaQuest was acting as a state actor and acting as a representative of and in the capacity of the New Mexico Human Services Department.

28. On September 1, 2015, Rainbow provided written notice of appeal of the termination decision to DentaQuest, by certified mail. In its notice, Rainbow requested "copies of all documents that support the termination and a detailed explanation of the reasons therefore."

29. DentaQuest did not accept delivery of the written notice of appeal. Rainbow therefore re-faxed the appeal notice on September 22, 2015.

30. DentaQuest finally acknowledged receipt of the appeal on September 23, 2015.

31. On September 24, 2015, Rainbow again wrote to DentaQuest, stating, "As of today, neither Rainbow Dental nor my office has received 'notice from the Credentialing Committee of their actions and the basis for such actions' or any documents supporting the termination as requested in my September 1 letter." Rainbow's letter also demanded reinstatement of provider status pending the outcome of the appeal.

32. DentaQuest then scheduled a hearing with its "Credentialing Committee" for October 22, 2015.

33. Between September 24, 2015 and October 19, 2015, counsel for Rainbow Dental corresponded frequently with representatives of DentaQuest. Counsel for Rainbow Dental continued to request supporting documentation and an explanation of the reasons for termination. DentaQuest continued to promise that such materials would be forthcoming.

34. On Monday, October 19, 2015, Rainbow's counsel had still not received any materials regarding the termination. Counsel therefore wrote to DentaQuest, "On October 7, you stated in an email that the documents supporting the claims against Rainbow Dental were being assembled and would be provided to me 'this week.' It has now been 12 days since your email and it has been 49 days since my request for the documents on August 31, 2015.  I have received nothing. Rainbow Dental is not able to participate in a credentialing appeal without knowing the nature and details of the claims. We have a telephonic appeal scheduled in three days from today. Please provide the documents and information immediately."

35. At 8:00 a.m. on October 22, 2015, only hours before the scheduled hearing, a DentaQuest

representative wrote back, "I spoke with the attorney here at DentaQuest. They are still continuing to finalize all documentation so we will post pone the hearing at this time. Once rescheduled I will send you correspondence with the new date and time."

36. Counsel for Rainbow wrote back, "I request that you put me in touch with the attorney and that due to DentaQuest's internal delays on the hearing, the credentialing be reinstated immediately pending the hearing."

37. Since October 22, 2015, Rainbow Dental has received no word at all from DentaQuest.

38. The federal regulation allowing Medicaid payment termination or suspension upon a "credible allegation of fraud" also requires the Human Services Department to provide "administrative review" of a suspension "when state law so requires." See 42 C.F.R. § 455.23(a)(3).

39. NMAC 8.352.3.9 governs "provider administrative hearing rights" for Medicaid providers and ensures that providers have the right to: (1) be advised of the nature and availability of a provider administrative hearing; (2) be represented by his or her authorized representative or legal counsel; (3) have a provider administrative hearing which safeguards the provider's opportunity to present a case; (4) have prompt notice and implementation of the final provider administrative hearing decision; and (5) be advised that judicial review may be invoked to the extent such review is available under state law."

40. These requirements apply except in situations of "a temporary payment suspension for credible allegations of fraud." NMAC 8.352.3.9.

41. DentaQuest has failed to provide an administrative hearing process which complies with NMAC 8.352.3.9.

42. During the time Rainbow served Medicaid patients through DentaQuest, Rainbow treated

approximately 30-50 Medicaid patients per day.

43. A large proportion of Rainbow's Medicaid patients are children.

44. By terminating Plaintiffs from the Medicaid provider network, DentaQuest has left hundreds of patients without dental care.

45. By terminating Plaintiffs from the Medicaid provider network, DentaQuest has caused Plaintiffs economic injury and financial damage, including but not limited to loss of the revenue earned through Medicaid reimbursements.

46. DentaQuest shut down the online portal to which Plaintiff sent claims without any notice approximately one week before the August 24, 2015 letter.

47. Plaintiffs still have approximately ten claims pending through DentaQuest. Plaintiffs have called DentaQuest repeatedly to receive payment on these claims, but DentaQuest has refused.

**FIRST CAUSE OF ACTION**
**VIOLATION OF DUE PROCESS GUARANTEE OF THE UNITED STATES AND NEW MEXICO CONSTITUTIONS and 42 U.S.C. §1983.**

48. Plaintiffs incorporate and re-allege the allegations contained in the foregoing paragraphs as if fully set out herein.

49. Article 2, Section 18 of the New Mexico Constitution states, "No person shall be deprived of life, liberty or property without due process of law; nor shall any person be denied equal protection of the laws."

50. Amendment 14, Section 1 of the Constitution of the United States states, "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due

process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

51. Defendants were, at all relevant times, state actors purporting to act under color of New Mexico law.

52. DentaQuest was, at all relevant times, a state actor purporting to act under color of New Mexico law.

53. Plaintiffs' prior contracts with DentaQuest and provider status with DentaQuest, which entitled them to reimbursement for dental services provided to Medicaid recipients, represent constitutionally protected property interests, to which Plaintiffs have a legitimate claim of entitlement to their continuation, pursuant to NMSA 1978 § 27-11-3(C).

54. DentaQuest's termination of Rainbow Dental's provider status was a deprivation of this constitutionally protected property interest.

55. DentaQuest's termination did not provide adequate "notice and an opportunity to be heard."

56. DentaQuest has repeatedly failed to and/or refused to provide adequate notice or explanation of the termination.

57. DentaQuest has failed to and/or refused to provide an adequately noticed hearing before an impartial decision-maker.

58. DentaQuest thus failed to provide adequate pre-deprivation due process to Plaintiffs.

59. DentaQuest has also failed to provide adequate post-deprivation due process.

60. DentaQuest's actions and omissions constitute intentional and continuing violation of Plaintiffs' due process rights under the New Mexico and United States Constitutions.

61. Plaintiffs also have rights under NMAC 8.352.3.9 and 42 C.F.R. §455: not to have Medicaid payments terminated without a proper determination of "credible allegations of fraud;" for

termination to be temporary; to be advised of the nature and availability of a provider administrative hearing; to have a provider administrative hearing which safeguards the provider's opportunity to present a case; to have prompt notice and implementation of the final provider administrative hearing decision; and to be advised that judicial review may be invoked to the extent such review is available under state law.

62. DentaQuest and HSD deprived and denied all rights referred to in ¶60.

63. By terminating Plaintiffs from the Medicaid provider network without process, DentaQuest has caused Plaintiffs economic injury and financial damage, including but not limited to loss of the revenue earned through Medicaid reimbursements and attorney's fees.

64. 42 U.S.C. § 1983 states, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."

65. At all relevant times, DentaQuest was a state actor purporting to act under color of state law.

66. DentaQuest and the other Defendants have acted under color of state law to deprive Plaintiffs of various rights and privileges without due process of law.

67. NMSA 1978 § 27-11-3(C) provides that the State of New Mexico can only terminate a Medicaid provider "after affording a medicaid provider written notice of hearing not less than ten days before the hearing date and an opportunity to be heard, and upon making appropriate administrative findings."

68. Defendants have not made "appropriate administrative findings."

69. Defendants have deprived Plaintiffs of rights guaranteed to them. This deprivation is a violation of 42 U.S.C. § 1983.

70. By terminating Plaintiffs from the Medicaid provider network without process and in violation of state law, DentaQuest has caused Plaintiffs economic injury and financial damage, including but not limited to loss of the revenue earned through Medicaid reimbursements and attorney's fees.

71. WHEREFORE, Plaintiffs request damages in an amount to be proved at trial, immediate production of all supporting documentation for the termination, immediate explanation of the reasons for the termination, an impartial decision-maker to review the termination, attorney's fees, and costs.

**SECOND CAUSE OF ACTION**
**UNLAWFUL DELEGATION OF LEGISLATIVE POWER IN VIOLATION OF THE**
**NEW MEXICO CONSTITUTION**

72. Plaintiffs incorporate and re-allege the allegations contained in the foregoing paragraphs as if fully set out herein.

73. Article I of the New Mexico Constitution vests legislative authority in the New Mexico Legislature.

74. The Legislature delegated to HSD the authority to enter into contracts with MCOs and dental provides to provide dental services to Medicaid recipients.

75. Through the DentaQuest contracts and sub-contracts, HSD has impermissibly sub-delegated and abdicated such authority to a private party, DentaQuest.

76. The DentaQuest Manual explicitly acknowledges this abdication of HSD's authority.

77. Upon information and belief, the HSD plays no role and has no relationship with the dental providers seeking or receiving reimbursement for Medicaid dental services.

78. The DentaQuest Manual provides no adequate standards regarding provider participation.

79. The DentaQuest Manual does not provide dispute resolution procedures consistent with NMSA 1978 § 27-11-3(C).

80. DentaQuest is not required to make "appropriate administrative findings" before termination, as required of the State by NMSA 1978 § 27-11-3(C).

81. The DentaQuest Manual does not provide for any review by HSD regarding DentaQuest's actions and omissions.

82. The DentaQuest Manual does not provide adequate appeal rights or other safeguards to prevent DentaQuest from acting in an arbitrary and/or unlawful manner.

83. Based on the foregoing, the DentaQuest Manual constitutes an unlawful sub-delegation of legislative power in violation of Article I of the New Mexico Constitution and directly contradicts the standards provided in NMSA 1978 § 27-11-3(C).

84. By terminating Plaintiffs from the Medicaid provider network without process and in violation of state law, DentaQuest has caused Plaintiffs economic injury and financial damage, including but not limited to loss of the revenue earned through Medicaid reimbursements and attorney's fees.

85. WHEREFORE, Plaintiffs request damages in an amount to be proved at trial, immediate production of all supporting documentation for the termination, immediate explanation of the reasons for the termination, an impartial decision-maker to review the termination, attorney's fees, and costs.

**THIRD CAUSE OF ACTION**
**BREACH OF CONTRACT AND BREACH OF THE DUTY OF GOOD FAITH AND**
**FAIR DEALING**

86. Plaintiffs incorporate and re-allege the allegations contained in the foregoing paragraphs as if fully set out herein.

87. DentaQuest made written representations that Plaintiffs were entitled to "receive notice from the Credentialing Committee of their actions and basis for such actions."

88. DentaQuest has failed to perform this obligation and has failed to provide notice from the Credentialing Committee of the "basis for such actions."

89. By terminating Plaintiffs from the Medicaid provider network without process and in violation of state law, DentaQuest has caused Plaintiffs economic injury and financial damage, including but not limited to loss of the revenue earned through Medicaid reimbursements and attorney's fees.

90. WHEREFORE, Plaintiffs request damages in an amount to be proved at trial, immediate production of all supporting documentation for the termination, immediate explanation of the reasons for the termination, an impartial decision-maker to review the termination, attorney's fees, and costs.

## FOURTH CAUSE OF ACTION
## ADMINISTRATIVE APPEAL PURSUANT TO NMSA 39-3-1.1

91. Plaintiffs incorporate and re-allege the allegations contained in the foregoing paragraphs as if fully set out herein.

92. This Complaint shall also serve as notice of appeal pursuant to NMSA 1978 §39-3-1.1 and NMRA 1-074. The parties to the appeal have been duly listed in the case caption. A copy of the decision (the August 24, 2015 termination notice from DentaQuest) is attached as required.

93. DentaQuest was acting as a state actor when it issued the termination.

94. DentaQuest acted as representative of, and in the capacity of HSD, when it issued the termination.

95. DentaQuest's termination was arbitrary, capricious, not based on substantial evidence, and not in accordance with the law.

WHEREFORE, Plaintiffs request damages in an amount to be proved at trial, immediate production of all supporting documentation for the termination, immediate explanation of the reasons for the termination, an impartial decision-maker to review the termination, attorney's fees, and costs.

Respectfully submitted,

CADIGAN LAW FIRM, P.C.

By: /s/ Michael J. Cadigan
       Michael J. Cadigan
       Kristina Caffrey
       *Counsel for Plaintiff*
       3840 Masthead NE
       Albuquerque, NM 87109
       (505) 830-2073
       (505) 830-2385 (fax)
       cadigan@cadiganlaw.com
       kristina@cadiganlaw.com