**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

**RAINBOW DENTAL, LLC, and**
**SHAUN HWANG,**

      **Plaintiffs,**

**v.**                                             **No. 1:15-cv-01002-GBW-LF**

**DENTAQUEST OF NEW MEXICO, LLC,**
**A foreign Limited Liability Company,**
**And the NEW MEXICO HUMAN SERVICES DEPARTMENT**

      **Defendants.**

**and**

---

**DENTAQUEST OF NEW MEXICO, LLC,**

      **Counterclaimant,**

**v.**

**RAINBOW DENTAL, LLC, and**
**SHAUN HWANG,**

      **Counterdefendants.**

## ANSWER AND COUNTERCLAIM

COMES NOW, Defendant DentaQuest of New Mexico, LLC ("Defendant" or "DentaQuest"), and for its Answer and Counterclaim to the Complaint states, as follows:

### Response To Allegations Regarding Parties

1.      Defendant is without sufficient information to admit or deny the allegations of Paragraph 1 and, therefore, denies same.

2.      Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 2, and therefore denies the allegations.

3.      Defendant admits the allegations of Paragraph 3.

4.      Defendant admits the allegations of Paragraph 4.

**Response To Allegations Regarding Jurisdiction And Venue**

5.      The allegations of Paragraph 5 require a legal conclusion to which no response is required.  To the extent a response may be required, Defendant is without sufficient information to admit or deny the allegations and, therefore, denies same.

6.      The allegations of Paragraph 6 require a legal conclusion to which no response is required.  To the extent a response may be required, Defendant is without sufficient information to admit or deny the allegations and, therefore, denies same.

**Response To Factual Allegations**

7.      The allegations of Paragraph 7 require a legal conclusion to which no response is required.  To the extent a response may be required, Defendant denies the allegations to the extent they are contrary to or inconsistent with Title XIX.

8.      In response to the allegations of Paragraph 8, Defendant admits that the State of New Mexico has administered Medicaid programs through the HSD, and that "Salud" has been one of the names of the program, but it is without sufficient information to admit or deny the remaining allegations and, therefore, denies same.

9.      Defendant admits the allegations contained of Paragraph 9.

10.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 10, and therefore denies the allegations.

11.     The allegations of Paragraph 11 require a legal conclusion to which no response is required.  To the extent a response may be required, Defendant denies the allegations to the extent they are contrary to or inconsistent with federal law.

12.     The allegations of Paragraph 12 require a legal conclusion to which no response is required.  To the extent a response may be required, Defendant denies the allegations to the extent they are contrary to or inconsistent with NMSA §27-2-12, et seq.

13.     Defendant admits the allegations of Paragraph 13.

14.     Defendant admits the allegations of Paragraph 14.

15.     In response to the allegations of Paragraph 15, Defendant admits that it has contracted with Presbyterian, Molina Healthcare and Blue Cross Blue Shield to provide and administer dental services and benefits to Medicaid patients.  Defendant denies the remaining or contrary allegations of Paragraph 15.

16.     Defendant denies the allegations of Paragraph 16.

17.     The Reference Manual speaks for itself and is the best evidence of its terms and what it provides for, therefore, no response is required to Paragraph 17.  Defendant denies the allegations of Paragraph 17 that are contrary to or inconsistent with the Reference Manual and its terms, purposes and provisions.

18.     The agreements between DentaQuest and the MCOs speak for themselves.  Defendant denies the allegations of Paragraph 18 that are contrary to or inconsistent with the agreements.

19.     Defendant denies the allegations contained in Paragraph 19.

20.     The letter speaks for itself and is the best evidence of what it states, therefore, no response to the allegations of Paragraph 20 is required.  To the extent a response may be

required, Defendant denies the allegations of Paragraph 20 that are contrary to or inconsistent with the letter.

21.     The letter speaks for itself and is the best evidence of what it states, therefore, no response to the allegations of Paragraph 21 is required.  To the extent a response may be required, Defendant denies the allegations of Paragraph 21 that are contrary to or inconsistent with the letter.

22.     The letter speaks for itself and is the best evidence of what it states, therefore, no response to the allegations of Paragraph 22 is required.  To the extent a response may be required, Defendant denies the allegations of Paragraph 22 that are contrary to or inconsistent with the letter.

23.     The letter speaks for itself and is the best evidence of what it states, therefore, no response to the allegations of Paragraph 23 is required.  To the extent a response may be required, Defendant denies the allegations of Paragraph 23 that are contrary to or inconsistent with the letter.

24.     The allegations of Paragraph 24 require a legal conclusion to which no response is required.  To the extent a response may be required, the allegations are denied.

25.     The allegations of Paragraph 25 require a legal conclusion to which no response is required.  To the extent a response may be required, the allegations are denied.

26.     The allegations of Paragraph 26 require a legal conclusion to which no response is required.  Alternatively, the notice is the best evidence of what it provides and, therefore, no response is required.  To the extent a response may be required, the allegations are denied.

27.     Defendant denies the allegations contained in Paragraph 27.

28.     The written notice speaks for itself and is the best evidence of what it contains or provides, therefore, no response is required to Paragraph 28.  To the extent a response may be required, Defendant denies the allegations that are contrary to or inconsistent with the notice.

29.     Defendant denies the first sentence of Paragraph 29, and admits the second sentence.

30.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 30, and therefore denies the allegations.

31.     The letter speaks for itself and is the best evidence of what it states, contains or demands, therefore, no response is required to Paragraph 31.  To the extent a response may be required, Defendant denies the allegations that are contrary to or inconsistent with the letter.

32.     Defendant admits the allegations of Paragraph 32.

33.     The correspondence speaks for itself and is the best evidence of what it states or requests, therefore, no response is required.  To the extent a response may be required, Defendant denies the allegations that are contrary to or inconsistent with the correspondence.

34.     The letter speaks for itself and is the best evidence of what it states and contains, therefore, no response to Paragraph 34 is required.  To the extent a response may be required, Defendant denies the allegations that are contrary to or inconsistent with the letter.

35.     The letter speaks for itself and is the best evidence of what it states and contains, therefore, no response to Paragraph 35 is required.  To the extent a response may be required, Defendant denies the allegations that are contrary to or inconsistent with the letter.

36.     The letter speaks for itself and is the best evidence of what it states and contains, therefore, no response to Paragraph 36 is required.  To the extent a response may be required, Defendant denies the allegations that are contrary to or inconsistent with the letter.

37.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 37, and therefore denies the allegations.

38.     The allegations of Paragraph 38 require a legal conclusion to which no response is required.   To the extent a response may be required, Defendant denies the allegations to the extent they are contrary to or inconsistent with the federal regulation.

39.     The allegations of Paragraph 39 require a legal conclusion to which no response is required.   To the extent a response may be required, Defendant denies the allegations to the extent they are contrary to or inconsistent with the administrative code.

40.     The allegations of Paragraph 40 require a legal conclusion to which no response is required.   To the extent a response may be required, Defendant denies the allegations to the extent they are contrary to or inconsistent with the administrative code.

41.     The allegations of Paragraph 41 require a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations to the extent they are contrary to or inconsistent with the administrative code.

42.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 42, and therefore denies the allegations.

43.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 43, and therefore denies the allegations.

44.     Defendant denies the allegations contained in Paragraph 44.

45.     Defendant denies the allegations contained in Paragraph 45.

46.     Defendant denies the allegations contained in Paragraph 46.

47.     Defendant denies the allegations contained in Paragraph 47.

**Response To First Cause Of Action**

48.     Defendant incorporates its responses to Paragraphs 1 through 47 in response to Paragraph 48.

49.     The allegations of Paragraph 49 require a legal conclusion to which no response is required.  To the extent a response may be required, Defendant denies the allegations which are contrary to or inconsistent with Article 2, Section 18 of the New Mexico Constitution.

50.     The allegations of Paragraph 50 require a legal conclusion to which no response is required.  To the extent a response may be required, Defendant denies the allegations which are contrary to or inconsistent with Article 14, Section 1 of the New Mexico Constitution.

51.     Defendant denies the allegations of Paragraph 51 that pertain to this Defendant.

52.     Defendant denies the allegations contained in Paragraph 52.

53.     Defendant denies the allegations contained in Paragraph 53.

54.     Defendant denies the allegations contained in Paragraph 54.

55.     Defendant denies the allegations contained in Paragraph 55.

56.     Defendant denies the allegations contained in Paragraph 56.

57.     Defendant denies the allegations contained in Paragraph 57.

58.     Defendant denies the allegations contained in Paragraph 58.

59.     Defendant denies the allegations contained in Paragraph 59.

60.     Defendant denies the allegations contained in Paragraph 60.

61.     The allegations of Paragraph 61 require a legal conclusion to which no response is required.  To the extent a response may be required, Defendant denies the allegations to the extent they are contrary to or inconsistent with administrative code and regulations.

62.     Defendant denies the allegations of Paragraph 62 that pertain to this Defendant.

63.     Defendant denies the allegations contained in Paragraph 63.

64.     The allegations of Paragraph 64 require a legal conclusion to which no response is required.  To the extent a response may be required, Defendant denies the allegations that are contrary to or inconsistent with 42 U.S.C. § 1983.

65.     Defendant denies the allegations contained in Paragraph 65.

66.     Defendant denies the allegations of Paragraph 66 that pertain to this Defendant.

67.     The allegations of Paragraph 67 require a legal conclusion to which no response is required.  To the extent a response may be required, Defendant denies the allegations that are contrary to or inconsistent with NMSA 1978 § 27-11-3(C).

68.     Defendant denies the allegations of Paragraph 68 that pertain to this Defendant.

69.     Defendant denies the allegations of Paragraph 69 that pertain to this Defendant.

70.     Defendant denies the allegations contained in Paragraph 70.

71.     Defendant denies the allegations contained in Paragraph 71.

**Response To Second Cause Of Action**

72.     Defendant incorporates its responses to Paragraphs 1 through 71 in response to Paragraph 72.

73.     The allegations of Paragraph 73 require a legal conclusion to which no response is required.  To the extent a response may be required, Defendant denies the allegations that are contrary to or inconsistent with Article 1 of the New Mexico Constitution.

74.     Defendant admits the allegations of Paragraph 74.

75.     Defendant denies the allegations contained in Paragraph 75.

76.     The manual speaks for itself and is the best evidence of what it states, therefore, no response to the allegations of Paragraph 76 is required.  To the extent a response may be required, the allegations are denied.

77.     Defendant denies the allegations contained in Paragraph 77.

78.     The manual speaks for itself and is the best evidence of what it provides, therefore, no response to the allegations of Paragraph 78 is required.  To the extent a response may be required, the allegations are denied.

79.     The manual speaks for itself and is the best evidence of what it provides, therefore, no response to the allegations of Paragraph 79 is required.  To the extent a response may be required, the allegations are denied.

80.     The allegations of Paragraph 80 require a legal conclusion to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

81.     The manual speaks for itself and is the best evidence of what it provides, therefore, no response to Paragraph 81 is required.  To the extent a response may be required, Defendant denies the allegations that are contrary to or inconsistent with the manual.

82.     The manual speaks for itself and is the best evidence of what it provides, therefore, no response to Paragraph 82 is required.  To the extent a response may be required, Defendant denies the allegations that are contrary to or inconsistent with the manual.

83.     Defendant denies the allegations contained in Paragraph 83.

84.     Defendant denies the allegations contained in Paragraph 84.

85.     Defendant denies the allegations contained in Paragraph 85.

## Response To Third Cause Of Action

86.     Defendant incorporates its responses to Paragraphs 1 through 85 in response to Paragraph 86.

87.     Defendant's written representations speak for themselves and are the best evidence of what they stated, therefore, no response is required.  To the extent a response may be required, Defendant denies the allegations that are contrary to or inconsistent with the written representations.

88.     Defendant denies the allegations contained in Paragraph 88.

89.     Defendant denies the allegations contained in Paragraph 89.

90.     Defendant denies the allegations contained in Paragraph 90.

## Response To Fourth Cause Of Action

91.     Defendant incorporates its responses to Paragraphs 1 through 90 in response to Paragraph 91.

92.     Defendant is without sufficient information to admit or deny the allegations as to the first two sentences.  DentaQuest admits that a copy of a termination notice is attached to the Complaint, but denies the remaining allegations.

93.     Defendant denies the allegations contained in Paragraph 93.

94.     Defendant denies the allegations contained in Paragraph 94.

95.     Defendant denies the allegations contained in Paragraph 95.

## General Denial

Defendant denies all allegations of all paragraphs of the Complaint which are not specifically admitted above.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiffs have failed to state a claim upon which relief can be granted.

2.      Plaintiffs' claims are barred in whole or in part by all applicable statutes of limitation.

3.      Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

4.      Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

5.      Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel and unclean hands.

6.      To the extent that Plaintiffs allege that Defendant is a state actor or engaged in state action, Plaintiffs' claims are barred, in whole or in part, by the 11th Amendment or the doctrine of sovereign immunity, and no waiver of immunity applies.

7.      To the extent that Plaintiffs allege that Defendant is a state actor or engaged in state action, Plaintiffs' claims against the Defendant are barred in whole or in part by the immunity conveyed to the Defendant pursuant to the New Mexico Tort Claims Act, NMSA 1978, §41-4-1 *et seq*.

8.      To the extent Plaintiffs allege that Defendant is state actor or engaged in state action, Plaintiffs' state law claims are barred in whole or in part because Plaintiffs failed to give proper and timely notice before filing suit as required by the New Mexico Tort Claims Act.

9.      Plaintiffs may not recover punitive damages or prejudgment interest under the New Mexico Tort Claims Act.

10.     Plaintiffs' claims are premature or are barred, in whole or in part, by their failure to exhaust or satisfy contractual or administrative remedies prior to pursuing their federal claims.

11.     Plaintiffs' claims are barred in whole or in part by the comparative fault, including negligent and intentional fault, of all other persons, parties or entities, including Plaintiffs, whether or not such persons, parties or entities are named in this Lawsuit.

12.     Plaintiffs' claims are barred in whole or in part by *res judicata* and/or collateral estoppel.

13.     The remedies available for termination of the provider agreement were exclusive, but were not exercised by the Plaintiffs.   Alternatively, the Complaint is barred by contractual immunity.

14.     Plaintiffs' contract claims are barred in whole or in part by lack of privity, lack of mutuality of consent, acceptance, novation, lack of consideration and the statute of frauds.

15.     Plaintiffs lack standing to bring the claims herein.

16.     Any award of punitive damages against this Defendant must be reasonably related to actual damages and would amount to violation of Defendant's state and federal due process rights, including its rights under the due process clauses of the Fourteenth Amendment to the U.S. Constitution and Article II, Section 18 of the New Mexico Constitution.

17.     This Defendant acted reasonably, lawfully and in good faith, and is entitled to good faith immunity (a.k.a. qualified immunity).

18.     The terms of any agreement constituted an at-will contractual relationship, whose express terms cannot be overriden by application of an implied covenant of good faith and fair dealing.

19.     The criteria for injunctive relief are not pled nor met.

20.     Depending on discovery, Plaintiffs may have failed to mitigate their damages.

21.     Defendant is a private actor, not acting under color of law, and its actions cannot be construed as state or governmental action.

22.     If a contract existed, Plaintiffs are bound by the terms and conditions of the contract, and/or the contract was breached first by Plaintiffs in a substantial and material way.

23.     Any alleged damages were directly and proximately caused by Plaintiffs' legal and contractual violations, fraud, and misconduct.

24.     Defendant reserves the right to assert any other defense which may become known during discovery or the proceedings, or which may be supported by the evidence.

**WHEREFORE,** Defendant requests that the Complaint be dismissed, with prejudice, and for its costs and attorney's fees incurred herein.


## COUNTERCLAIM

DentaQuest states the following as its Counterclaim against Plaintiffs-Counterdefendants Rainbow Dental, LLC ("Rainbow Dental") and Shaun Hwang ("Dr. Hwang") (collectively referred to as "Counterdefendants"):


### Introduction

1.     DentaQuest incorporates by reference its preceding responses to the allegations in the Complaint and its affirmative defenses.

2.     Based upon the allegations of the Complaint, DentaQuest alleges that Counterdefendants are New Mexico residents doing business in Bernalillo County, New Mexico.

3.     The Court has jurisdiction to adjudicate this Counterclaim pursuant to Rule 13(a), Fed. R. Civ. P., and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.     DentaQuest brings this Counterclaim to recover damages resulting from the submission by Counterdefendants of false and fraudulent claims for payment for dental services performed by dentists who were not on-site and who did not perform the services as claimed by the Counterdefendants.

## General Allegations

5.     Pursuant to contracts with managed care organizations, DentaQuest administers and delivers dental services to eligible members or enrollees of prepaid healthcare plans contracting with the State of New Mexico's Medicaid program.

6.     DentaQuest credentials individual dentists to be individual participating providers of the dental services in a network of approved providers.  As part of the credentialing process, participating providers must identify and disclose the location where their services will be provided.

7.     Only credentialed and approved dentists may provide and be paid for dental services, and only for the dental services which they provide at the identified location.

8.     Dr. Hwang was formerly a credentialed and approved participating provider, however, he was terminated from the network of approved providers effective July 22, 2010.

9.     On or about March 28, 2013, Dr. Arthur Nido submitted a practitioner application to become an individual participating provider at the Rainbow Dental office location.

10.     On May 17, 2013, DentaQuest credentialed and approved Dr. Arthur Nido as an individual participating provider in the DentaQuest network at the Rainbow Dental location (8611 Golf Course Rd. N.W., Albuquerque, New Mexico).

11.     On or about September 25, 2012, Dr. George Harper submitted a practitioner application to become an individual participating provider at the Rainbow Dental Office location.

12.     On February 22, 2013, DentaQuest credentialed and approved Dr. George Harper as an individual participating provider in the DentaQuest network at the Rainbow Dental office location.

13.     Subsequent to his termination effective July 22, 2010, Dr. Hwang applied for re-credentialing as an individual participating provider in 2013 and 2015.  Each time DentaQuest denied Dr. Hwang's applications.

14.     Dr. Hwang was not a credentialed or approved participating provider in the DentaQuest network at any time after July 22, 2010.

15.     Rainbow Dental was an office location where credentialed and approved individual participating providers could deliver dental services to eligible member or enrollees.

16.     Dr. Hwang submitted several claims for payment for services he provided under his own name at the Rainbow Dental office location between at least October 2013 through June 2014.  All of these claims for payment were rejected and denied by DentaQuest because Dr. Hwang was not an approved individual participating network provider.

17.     Dr. Hwang and Rainbow Dental knew that they would not be paid for services provided by Dr. Hwang at the Rainbow Dental office location, or at any other location.

18.     Between at least October 2013 and June 2014, the Counterdefendants submitted claims for payment for services that they represented were rendered by Dr. Arthur Nido on dates when Dr. Nido was not on-site, and did not work.  Dr. Nido did not perform the services as represented and claimed by the Counterdefendants.

15

19.     Between at least May 2013 and October 2014, the Counterdefendants submitted claims for payment for services that they represented were rendered by Dr. George Harper on dates when Dr. Harper was not on-site and did not work.  Dr. Harper did not perform the services as represented and claimed by the Counterdefendants.

20.     Upon information and belief, the services were actually performed by Dr. Hwang and falsely and fraudulently represented and billed as services performed by Drs. Nido and Harper.

21.     Counterdefendants have submitted, or caused to be submitted numerous false and fraudulent claims for payment for services that were not provided or rendered by Dr. Arthur Nido and Dr. George Harper.   Upon information and belief, Counterdefendants may have submitted, or caused to be submitted, numerous other false and fraudulent claims for payment for services under the names of other dentists who did not provide or render the services.

22.     To the extent that any employees or agents of the Counterdefendants participated in the submission of the false claims for payment, they did so in the scope and course of their employment or agency with the Counterdefendants.  The Counterdefendants are, therefore, liable based upon the doctrine of *respondeat superior*.

23.     In reliance on the representations made by Counterdefendants, and without knowledge of the false and fraudulent nature of the claims submitted by Counterdefendants, DentaQuest paid the claims

24.     Upon discovery of the false and fraudulent nature of the claims submitted by Counterdefendants, DentaQuest terminated the participation of Dr. Nido and Dr. Harper at the Rainbow Dental location, and terminated the participation by any provider at that location.

## Count I (Fraudulent misrepresentation)

25.    DentaQuest incorporates and re-alleges every allegation in Paragraphs 1 through 24, above.

26.    Counterdefendants misrepresented that dental services had been provided to eligible members or enrollees by Dr. Arthur Nido and Dr. George Harper and, upon information and belief, other providers, in order to request and obtain payment for the dental services.

27.    Counterdefendants made these misrepresentations and perpetrated this fraud for the purpose of obtaining payment under false and fraudulent pretenses.

28.    Counterdefendants' misrepresentations were misrepresentations of fact, and were false and knowingly or recklessly false.

29.    Counterdefendants' misrepresentations were material.

30.    Counterdefendants intended to induce DentaQuest to rely on their misrepresentations.

31.    DentaQuest did, in fact, rely on Counterdefendants' misrepresentations, and paid the false and fraudulent claims submitted by Counterdefendants to their detriment.

32.    DentaQuest's reliance was reasonable and justified because the false and fraudulent claims were misrepresented as claims for payment for services that were represented to have been performed by approved individual participating providers.

33.    DentaQuest has been substantially harmed and damaged by Counterdefendants' misrepresentations.

**WHEREFORE,** DentaQuest requests relief as set forth below.

## Count II (Negligent Misrepresentation

34.     DentaQuest incorporates and re-alleges every allegation in Paragraphs 1 through 33, above.

35.     Counterdefendants negligently misrepresented that dental services had been provided to eligible members or enrollees by Dr. Arthur Nido and Dr. George Harper and, upon information and belief, other providers, in order to request and obtain payment for the dental services.

36.     Counterdefendants made these misrepresentations for the purpose of obtaining payment under false pretenses.

37.     Counterdefendants' misrepresentations were misrepresentations of fact, and were false Counterdefendants had no reasonable ground for believing their representations and claims for payment were true.

38.     Counterdefendants' misrepresentations were material.

39.     Counterdefendants intended to induce DentaQuest to rely on its misrepresentations.

40.     DentaQuest did, in fact, rely on Counterdefendants' misrepresentations, and paid the false claims submitted by Counterdefendants to their detriment.

41.     DentaQuest's reliance was reasonable and justified because the false claims were misrepresented as claims for payment for services that were represented to have been performed by approved individual participating providers.

42.     DentaQuest has been substantially harmed and damaged by Counterdefendants' misrepresentations.

**WHEREFORE**, DentaQuest requests relief as set forth below.

## Count III (Unfair Practices)

43.     DentaQuest incorporates and realleges every allegation in Paragraphs 1 through 42, above.

44.     Counterdefendants are "persons" within the definition contained in NMSA 1978, § 57-12-2 of the New Mexico Unfair Practices Act ("Act").

45.     Counterdefendants made knowingly false, misleading and deceptive written statements, representations and claims in connection with the sale of services, that tended to and did deceive and mislead DentaQuest, including:

> (1)     Representing goods or services as those of another when the goods or services are not the goods or services of another;
> (2)     Causing confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services;
> (3)     Causing confusion or misunderstanding as to affiliation, connection or association with or certification by another;

46.     Counterdefendants' acts constituted unfair or deceptive trade practices under the Act, and violated the Act.

47.     Counterdefendants' unfair and deceptive trade practices caused substantial damages and losses to DentaQuest.

48.     Counterdefendants willfully engaged in unfair and deceptive trade practices, entitling DentaQuest to an award of up to three times its actual damages.

49.     DentaQuest is entitled to an award of its attorney's fees and costs.

**WHEREFORE** relief is requested as set forth below.

## Count IV (Punitive Damages)

50.     DentaQuest incorporates and realleges every allegation in Paragraphs 1 through 49, above.

51.     The acts of the Counterdefendants as alleged above, were knowing, intentional, willful, reckless, wanton, fraudulent and/or in bad faith, entitling DentaQuest to punitive damages.

**WHEREFORE,** relief is requested as set forth below.

**Request For Relief**

**WHEREFORE**, DentaQuest requests the following relief:

    A.  Actual and compensatory damages;

    B.  Statutory and treble damages;

    C.  Punitive damages;

    D.  Prejudgment and post-judgment interest;

    E.  Attorney's fees and costs; and

    F.  All other relief to which DentaQuest may be entitled.

Respectfully submitted,

CONKLIN, WOODCOCK & ZIEGLER, P.C.

By:____/s/ *Robert C. Conklin*_____
       Robert C. Conklin
       Alisa Wigley-DeLara
       320 Gold Ave., Suite 800
       Albuquerque NM 87102
       Tel. (505) 224-9160
       Fax (505) 224-9161
       rcc@conklinfirm.com
       awd@conklinfirm.com
       *Attorneys for DentaQuest of New Mexico, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was e-filed

and served electronically through the CM/ECF system upon counsel of record on this 19th day of

January 2016:

Michael J. Cadigan
Kristina Caffrey
CADIGAN LAW FIRM, P.C.
3840 Masthead NE
Albuquerque, NM  87109
Tel (505) 830-2073
Fax (505) 830-2385
cadigan@cadiganlaw.com
kristina@cadiganlaw.com
*Attorneys for Plaintiffs*


/s/ *Robert C. Conklin*
Robert C. Conklin