IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAINBOW DENTAL, LLC, and
SHAUN HWANG,
Plaintiffs,
v.                                                    No. 1:15-cv-01002-MCA-LF
DENTAQUEST OF NEW MEXICO, LLC,
A foreign Limited Liability Company, and the
NEW MEXICO HUMAN SERVICES DEPARTMENT,

Defendants.

And

DENTAQUEST OF NEW MEXICO, LLC,
Counter Claimant,


v.

RAINBOW DENTAL, LLC, and SHAUN HWANG,

Counter Defendants.

**MEMORANDUM IN SUPPORT OF DEFENDANT NEW MEXICO
HUMAN SERVICES DEPARTMENT'S MOTION TO DISMISS COMPLAINT**

  **COMES NOW**, Defendant, the New Mexico Human Services Department ("HSD"), by

and through its counsel of record, Nancy R. Long of Long, Komer & Associates, P.A., and

hereby provides this Court with its memorandum of points and authorities in support of HSD's

motion to dismiss.

**I.  INTRODUCTION**

  Plaintiffs, Rainbow Dental, LLC, and its practitioner, Dr. Shaun Hwang (collectively

"Rainbow Dental" or "Plaintiffs"), filed suit for money damages against DentaQuest of New

Mexico, LLC, and HSD for DentaQuest's termination of Rainbow Dental as a dental provider in

the DentaQuest network.  *See, Plaintiffs' Complaint* [Doc. 1].  Rainbow Dental contends that,

prior to its termination, it saw "approximately 30-50 Medicaid patients per day," many of whom are children. *See, ¶¶42-43, Plaintiffs' Complaint*. Rainbow Dental further contends it suffered "economic injury and financial damage, including but not limited to loss of the revenue earned through Medicaid reimbursements," as if Medicaid were a guarantor of Rainbow Dental's business. *See, ¶45, Plaintiffs' Complaint*.

For several decades, HSD has administered the State's Medicaid program utilizing the expertise of managed care organizations ("MCOs"). *See, ¶¶4 and 8, Plaintiffs' Complaint*. Currently, HSD has contracts with four MCOs: Molina Healthcare of New Mexico, Inc., Presbyterian Health Plan, Inc., United Healthcare, Inc., and Blue Cross-Blue Shield of New Mexico, Inc., to implement HSD's program called "Centennial Care." *See, ¶¶4 and 14, Plaintiffs' Complaint*. Three of the MCOs, Molina, Presbyterian, and Blue Cross-Blue Shield, sub-contract for dental services with DentaQuest. *See, ¶15, Plaintiffs' Complaint*. This is a delegated function in that DentaQuest develops and administers the dental network. *See, Manual, Exhibit 1 to Plaintiffs' Complaint*.

Since 2013, Rainbow Dental had been part of the DentaQuest network. *See, ¶19, Plaintiffs' Complaint*. On August 24, 2015, and "pursuant to . . . [Rainbow Dental's] Provider Services Agreement [with DentaQuest]," DentaQuest terminated Rainbow Dental's participation in the network for, "[n]on-compliance and failure to cooperate with and abide [by] DentaQuest's Credentialing requirements resulting in the submission of false claims and fraudulent billing." *See, ¶¶20-21, and letter dated August 24, 2015 to Rainbow Dental from DentaQuest, Exhibit 3, Plaintiffs' Complaint*. Rainbow Dental alleges that it had attempted to appeal the termination but, as of the date of the filing of the complaint, no hearing has taken place. *See, ¶¶28-37, Plaintiffs' Complaint*.

Plaintiffs contend that: (1) DentaQuest's August 24, 2015 letter "constituted a decision to terminate Medicaid payments to Plaintiffs based on an allegation of fraud," *see, ¶23, Plaintiffs' Complaint*; (2) DentaQuest failed to "properly determine that a 'credible allegation of fraud' existed against Plaintiffs," *see, ¶24, Plaintiffs' Complaint*; (3) DentaQuest failed to follow federal regulations suspending Medicaid payments for credible allegations of fraud, *see, ¶¶25-26, Plaintiffs' Complaint*; (4) DentaQuest was "acting as a state actor and acting as a representative of and in the capacity of [HSD]," *see, ¶27, Plaintiffs' Complaint*; and (5) HSD and/or DentaQuest failed to follow federal and state regulations requiring an "administrative review" and/or granting a provider a hearing for credible allegations of fraud, *see, ¶¶38-41, Plaintiffs' Complaint*.

Plaintiffs assert four causes of action: (1) violation of due process; (2) unlawful delegation in violation of the New Mexico Constitution; (3) breach of contract and breach of the duty of good faith and fair dealing; and (4) an administrative appeal.  *See, Plaintiffs' Complaint*. For these alleged transgressions, Plaintiffs seek money damages.  *See, Plaintiffs' Complaint*. Plaintiffs' Complaint, however, is fatally flawed.  Each of Plaintiffs' claims against HSD should be dismissed.

## II.   ARGUMENT

### A.   Standard Of Review.

A motion to dismiss under Rule 12(b)(6) tests the "legal sufficiency of the complaint."  *Fisher Sand & Gravel, Co. v. Girón*, 465 F. App'x 774, 778 (10th Cir. 2012). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Townsend-Johnson v. Cleveland*, 494 Fed. Appx. 833, 835-836 (10th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court should "accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff." *Cohon ex rel. Bass v. N.M. Dep't of Health*, 646 F.3d 717, 724 (10th Cir. 2011) (quoted authority omitted). The Court "may also consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id.* (quoted authority omitted).

Here, HSD does not dispute the allegations raised in the Complaint for purposes of its Rule 12(b)(6) motion. HSD asserts, taking the allegations in the Complaint as true, it is entitled to dismissal of all claims against it.

### B.      Plaintiffs' Due Process Claim Must Be Dismissed.

 Plaintiffs' first cause of action is an alleged violation of due process brought pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Government officials may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability. See *Martinez v. Carson*, 697 F.3d 1252, 1255 (10th Cir. 2012).   The Supreme Court has made clear that there is no respondeat superior liability under 42 U.S.C.§ 1983. See *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a

plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Bd. of Cnty. Comm"rs v. Brown*, 520 U.S. 397, 403 (1997).  Here, Plaintiffs have named only HSD and have made no allegation that any Government official defendant, through that official's individual actions, violated the Constitution.  There being no respondeat superior liability under §1983, the claim is fatally flawed without any allegations as to "who was alleged to have done what to whom…as distinguished from collective allegations against the state." *Twombly,* 127 S.Ct. at 1970-1971 n.10.

The law is well-settled that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Department of State Police*, 4901 U.S. 58, 71 (1989) (emphasis in original); *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1156 (10th Cir. 2001) ("Defendants correctly aver that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.... Thus, neither POST, as a governmental entity, nor the individual Defendants, in their official capacities for the State may be sued for damages under that section.") (internal quotation marks and citations omitted).  Thus, HSD, as an arm of the state, is not a proper defendant for Plaintiffs' § 1983 claims.

In addition, Section 1983 creates only the right of action; it does not create any substantive rights.  *Spielman v. Hildebrand*, 873 F.2d 1377, 1386 (10th Cir. 1989) ("Section 1983 does not provide a remedy if federal law does not create enforceable rights.").  A two-step assessment is required of any procedural due process claim: "(1) did the individual possess a protected interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process." *Brown*, 662 F.3d at 1167 (quotations omitted). "[I]t is only after the plaintiff first demonstrates the existence and deprivation of a

protected property interest that the plaintiff is constitutionally entitled to an appropriate level of process." *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007).

In the procedural due process context, "[p]roperty interests . . . are not created by the Constitution [but] [r]ather . . . by existing rules or understandings that stem from an independent source such as state law." *Roth*, 408 U.S. at 577. "Thus, constitutionally protected property interests are created and defined by statute, ordinance, contract, implied contract and rules and understandings developed by state officials." *Kirkland v. St. Vrain Valley Sch. Dist*. No. RE-1J, 464 F.3d 1182, 1190 (10th Cir. 2006). "Valid contracts may constitute a property interest for purposes of due process." *S. Disposal, Inc. v. Tex. Waste Mgmt*., 161 F.3d 1259, 1265 (10th Cir. 1998). *Fisher Sand & Gravel, Co. v. Giron*, 465 Fed. Appx. 774, 779-80 (10th Cir. 2012).

Plaintiffs here cannot meet the first element of the assessment of their due process claim as they have no protected property interest that could be subject to due process protection. There is no cause of action based on Plaintiffs' underlying allegations that somehow it is entitled to Medicaid reimbursements. Plaintiffs state that their "prior contracts with DentaQuest and provider status with DentaQuest, which entitled them to reimbursement for dental services to Medicaid recipients, represent constitutionally protected property interests, to which Plaintiffs have a legitimate claim of entitlement to their continuation, pursuant to NMSA 1978, § 27-11-3(C)." *See, ¶53, Plaintiffs' Complaint*. In fact, the law is the exact opposite. Almost thirty years ago, the Tenth Circuit Court of Appeals held that "a mere expectation of entitlement [to Medicaid reimbursements] is insufficient to create a property interest. *Koerpel v. Heckler*, 797 F.2d 858, 863 (10th Cir. 1986).

> To have a property interest in a benefit, a person clearly must have more than abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely

> in their daily lives, reliance must not be arbitrarily undermined.  It is a purpose of
> the constitutional right to a hearing to provide an opportunity for a person to
> vindicate those claims.

*Koerpel*, 797 F.2d at 863-64 (citing, *Board of Regents v. Roth*, 408 U.S. 564, 576 (1972).  The

Court went on to deny Dr. Koerpel's claim of a property interest in Medicaid reimbursements,

stating that, "[i]f any state scheme exists which could be construed to create a continuing

entitlement to Medicaid reimbursements, Dr. Koerpel has not brought it to the Court's attention."

*Koerpel*, 797 F.2d at 865.  *See also, Yorktown Medical Laboratory, Inc. v. Perales*, 948 F.2d 84,

89 (2nd Cir. 2001) (Second Circuit Court of Appeals held that a Medicaid provider did not have a

property interest in payment of Medicaid claims); *Geriatrics, Inc. v. Patricia Harris*, 640 F.2d

262 (10th Cir. 1981) (Medicaid providers' need for government financial support is incidental to

the Medicaid program; provider can still obtain revenue from private payer and other sources).

### C.    Plaintiffs' Unlawful Delegation Claim is Contrary to Specific Federal and State Law.

Plaintiffs, in their second cause of action, contend that "HSD has impermissibly sub-

delegated and abdicated such authority to a private party, DentaQuest."  *See, ¶75, Plaintiffs'*

*Complaint*.   This statement and indeed this entire cause of action, ignores how states are

permitted to operate their respective Medicaid programs.

Title XIX of the federal Social Security Act, 42 U.S.C. § 1396 through 1396s (the

"Medicaid Act"), is a federal-state cooperative program designed to provide medical assistance

to persons whose income and resources are insufficient to meet the costs of medical care.

*Douglas v. Independent Living Center*, 132 S.Ct. 1204 (2012).  Although participation in the

program is voluntary, participating states must comply with certain requirements imposed by the

Act and with regulations promulgated by the Secretary of the Health and Human Services.

*Wilder v. Virginia Hospital Assoc.*, 496 U.S. 498, 501 (1990).  The purposes of the Medicaid Act

is to provide "federal financial assistance to states that choose to reimburse certain costs of medical treatment for needy persons." *Harris v. McRae*, 448 U.S. 297, 301 (1980).

In an effort to promote cost-effectiveness and efficiency in the allocation of federal funds under the Medicaid program, Congress implemented waiver provisions, allowing states to employ managed care organizations to provide medical assistance to residents.  See, 42 U.S.C. §§ 1396n and 1396u-2.  The New Mexico Legislature specifically authorized HSD to take advantage of these waiver provisions.  See, NMSA 1978, § 27-2-12.6 (1994).  In 2014, HSD received federal approval to implement Centennial Care.[1]  "The waiver provision, as well as federal regulations [42 C.F.R. Part 438 – Managed Care], also permits MCOs to enter into contracts with other health care organizations [such as DentaQuest] to provide specialized services, such as dental care." *Solter v. Health Partners of Philadelphia*, 215 F.Supp.2d 533, 535-36.  Pursuant to federal statutes and regulations, state statute and the specific authority granted to HSD from the federal government, HSD is permitted to operate its Medicaid program through Centennial Care and there is no improper delegation of responsibility.

> **D.     Plaintiffs' Breach of Contract Claim is Barred by Section 37-1-23(A) of New Mexico Statutory Law.**

Plaintiffs' third cause of action, for breach of contract, to the extent it applies to HSD, cannot be brought as alleged.  Plaintiffs admit that HSD "plays no role and has no relationship with the dental providers seeking or receiving reimbursement for Medicaid dental services." *See, ¶77, Plaintiffs' Complaint*.  Therefore, Plaintiffs admit there is no contractual agreement between Rainbow Dental and HSD.  New Mexico law grants HSD immunity "from actions based on contract, expect actions based on a valid written contract."  See, NMSA 1978, §37-1-

---

[1] These decisions are afforded deference.  Federal approval "carries weight, especially when the language of the particular provision at issue . . . .is broad and general." *Christ the King Manor, Inc. v. Secretary of the U.S. Department of Health and Human Services*, 730 F.3d 291, 306 (3rd Cir. 2013).

23(A) (1976).  The Tenth Circuit has refused to find a property interest based on a contract that is unenforceable under state law.  *Fisher Sand & Gravel*, 465 Fed. Appx. at 782 (holding an implied contract claim did not constitute a valid written contract, making the contract unenforceable and therefore negating any property interest).

Nor can Plaintiffs claim that they are third-party beneficiaries under the contract between HSD and the MCOs.  *See, Astra USA, Inc. v. Santa Clara County*, 563 U.S. 110 (2011) (no third-party right of action cognizable); *Prince George's Hospital Center v. Advantage Healthplan, Inc.*, 985 F.Supp.2d 38 (D.C.D.C. 2013) (managed care contracts between the District of Columbia and managed care organizations did not evidence an intent to benefit third party providers).  Having alleged no valid, written contract between HSD and Rainbow Dental, Plaintiffs' breach of contract claim must be dismissed.

### E.      Plaintiffs Have No Right of Action Capable of Administrative Review.

Plaintiffs also fail to assert facts sufficient to support their claims for administrative review.  Throughout the complaint, Plaintiffs suggest that DentaQuest, and to a certain extent HSD, violated Plaintiffs' rights based on the "decision to terminate Medicaid payments . . . on an allegation of fraud."  *See, ¶23, Plaintiffs' Complaint*.  They cite federal regulations regarding a credible allegation of fraud and state regulations regarding provider hearing rights.  *See, Plaintiffs' Complaint*.  What Plaintiffs fail to consider is that the majority of courts, including the Tenth Circuit Court of Appeals, have held that an administrative regulation alone cannot create an enforceable claim that is not already implicit in the enforcing statute.  *Hanson v. Wyatt*, 552 F.3d 1148, 1157 (10th Cir. 2008); *see also, South Camden Citizens in Action v. New Jersey Dept. of Environmental Protection*, 274 F.3d 771, 784 (3rd Cit. 2006); *Save Our Valley v. Sound Transit*, 335 F.3d 932 (9th Cir. 2002); *Harris v. James*, 127 F.3d 993, 1008 (11th Cir. 1997).  The

enforcing statute at issue is the federal Medicaid Act.  Last year, the United States Supreme Court in *Armstrong v. Exceptional Child Center, Inc.*, 135 S.Ct. 1378, held that the Medicaid Act did not create a private cause of action.  As such, there can be no corresponding right of action based solely on implementing regulations.

Finally, to the extent that HSD has promulgated rules regarding a provider's right to a fair hearing which Plaintiffs cite in their Complaint, those rights do not include a hearing for credible allegations of fraud.  See, NMAC 8.352.3.9 ("With the exception of referrals for credible allegations of fraud, HSD has established a hearing process for MAD fee-for-service (FFS) providers who disagree with its decision concerning his or her participating as a MAD provider, recoupment of overpayments due to a provider billing error, and the imposition of MAD sanctions.")

## III.    CONCLUSION

For the reasons set forth above, HSD respectfully requests that this Court enter its Order dismissing Plaintiffs' Complaint as to HSD, together with such other and further relief as the Court deems just and proper.

> LONG, KOMER & ASSOCIATES, P.A.
> *Attorneys for Defendant NM Human*
> *Services Department*
>
> */s/Nancy R. Long*
> NANCY R. LONG
> P. O. Box 5098
> Santa Fe, NM  87502-5098
> 505-982-8405
> nancy@longpoundkomer.com
> email@longpoundkomer.com

**<u>Certificate of Service</u>**

I HEREBY CERTIFY that on the 4th day of March 2016, I filed the foregoing **Memorandum in Support of New Mexico Human Services Department's Motion to Dismiss** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic filing:

Michael J. Cadigan
Kristina Caffrey
Cadigan Law Firm, P.C.
3840 Masthead NE
Albuquerque, NM 87109
cadigan@cadiganlaw.com
kristina@cadiganlaw.com
*Attorneys for Plaintiffs/Counter Defendants*

Robert C. Conklin
Alisa Wigley-DeLara
Conklin, Woodcock & Ziegler, P.C.
320 Gold Ave., Suite 800
Albuquerque, NM 87102
rcc@conklinfirm.com
awd@conklinfirm.com
*Attorneys for Defendant/Counter Claimant DentaQuest*

*/s/ Nancy R. Long*
Nancy R. Long