IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAINBOW DENTAL, LLC, and
SHAUN HWANG,

      Plaintiffs,

vs.                                                         Civ. No. 15-1002 MCA/LF

DENTAQUEST OF NEW MEXICO, LLC,
a foreign Limited Liability Company, and
the New Mexico HUMAN SERVICES DEPARTMENT,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This case comes before the Court upon Plaintiffs' *Motion to Amend Regarding Due Process Claim* [Doc. 82].   The Court has considered the written submissions of the parties, the record in this case and the pertinent law, and is otherwise fully advised.

"Leave [to amend] should be 'freely give[n], but a court may properly deny leave for various reasons, including . . . 'futility of amendment.' 'A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.'" *Bauer v. City and County of Denver*, 642 Fed. App'x 920, 925 (10th Cir. 2016).

In its July 28, 2016 *Memorandum Opinion and Order* [Doc. 77] the Court concluded that Plaintiffs had not pleaded facts giving rise to a constitutionally-protected property interest, an essential element of a procedural due process claim. The Court deferred ruling on Defendant NMHSD's *Motion to Dismiss Complaint* [Doc. 22] in order

1

to afford Plaintiffs an opportunity to amend their Complaint to reflect the provisions of certain documents that were unavailable at the time Plaintiffs filed their original Complaint.  Plaintiffs timely filed their *Motion to Amend Regarding Due Process Claim* to which they have attached their proposed Second Amended Complaint [Doc. 82-1].

Plaintiffs proposed Second Amended Complaint incorporates the following policies:

22.    Policy 300.002.IV.E states, "Applicants will be informed that they have been terminated.  **Notification will include reason for termination**, as well as the provider's appeal rights.  'Terminated without cause' will be used as an acceptable termination reason **in states where permitted**" (emphasis added).

23.    Policy 300.002.IV.L states, "Within DentaQuest, the Credentials Committee, Vice President of Clinical Management, Dental Directors and/or other designated Providers, in its sole discretion evaluates all Providers and has direct responsibility for **determining whether the provider meets professional criteria** including, but not limited to the following. . ." (emphasis added).  The policy then lists twelve categories of conduct.

24.    Policy 300.004 states, "The Credentials Committee Members represent a range of participating practitioners within DentaQuest's network, and sign an affirmative statement to make decisions **in a nondiscriminatory manner.**"

25.    Policy 300.004.II.A states, "If DentaQuest receives information, which in its sole discretion it believes discipline or termination of a provider may be warranted **for reasons relating to the Provider's professional competence or conduct**, it compiles pertinent information and refers the matter to the Credentials Committee.  If the final decision involves discipline or termination. . ." (emphasis added).

26.    Policy 300.004.II.D states that a Provider receives a written notification of a termination/discipline decision and the written notification "includes the effective date of the recommended restriction, disciplinary action or termination; **a summary of the basis for the Credentials Committee's recommendation** . . . "

27.    Policy 300.013.III.D is entitled "Suspension, Termination or Restriction of Providers" and states, "The Credentials Committee may recommend suspension, termination or restriction of the participation of a Provider  . . . Consideration of suspension, termination or restriction may be

initiated by an information the Committee **deems appropriate for the welfare of the Member**, DentaQuest or the Client, including but not limited to the following: . . ." (emphasis added).

28.   The Section then lists eight categories of conduct, including "The Provider fails to meet one or more of the administrative (credentialing) requirements," "The Provider rendered care to DentaQuest Members in a harmful, potentially harmful . . . manner," "The Provider fails to comply with DentaQuest policies and/or procedures," "The Provider engages in uncooperative, unprofessional or abusive behavior. . ."  and so on.

29.    Notably, Policy 300.013.III.D **does not state that the termination decision rests on "sole discretion."**  Policy 300.013.III.D, which governs termination, specifically does not include the words "sole discretion."

[Doc. 82-1 at 4-5].  Plaintiffs argue that these policies limit the "sole discretion" clause and create a constitutionally-protected substantive right to continuation of their status as a healthcare provider.

In citing additional policy and procedure provisions, Plaintiffs continue to confuse *procedural* rights with the *substantive* restrictions on the exercise of official discretion required to give rise to a protected property interest.

[P]rotected interests are substantive rights, not rights to procedure. . . . "Process is not an end in itself" . . . "[i]ts constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement.  Thus, "an entitlement to nothing but procedure cannot be the basis for a liberty or property interest."

*Elliot v. Martinez*, 675 F.3d 1241, 1245 (10th Cir. 2012) (citations omitted).  "[A] state-created interest is not protected by the procedural component of the Due Process Clause unless the interest is an entitlement—that is, unless the asserted right to property or liberty is *mandated* by state law when specified substantive predicates exist."  *Id.* at 1244.  Notwithstanding Plaintiffs' numerous references to DentaQuest's policies, one looks in vain in the proposed Second Amended Complaint for "substantive predicates" that, if

established, would mandate the continuation of Plaintiffs' status as a Medicaid provider. Moreover, the record now includes the Provider Service Agreement[1] between DentaQuest and Rainbow Dental, [Doc. 91-1] which allows either party to terminate the provider agreement upon 30 days notice.  This termination provision further undermines Plaintiffs' claim of a constitutionally protected property interest in the continuation of their contractual relationship with DentaQuest.

Where the government retains the right to terminate a contractual relationship in its sole discretion, the party contracting with the government does not have a constitutionally-protected property interest in the continuation of the relationship.  *Glover v. Mabrey*, 384 Fed. App'x 763, 777 (10th Cir. 2010) ("There is no protected property or liberty interest when the outcome of the process is within the government official's complete discretion.");  *Schueller, v. Goddard*,  631 F.3d 460, 463 (8th Cir. 2011) (no protected property interest in continued employment as emergency room physician where public hospital retained right "in its sole discretion, to request the immediate removal of plaintiff;  *Med Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002) ("[A] party cannot possess a property interest in the receipt of a benefit when the state's decision to award or withhold the benefit is wholly discretionary.");  *Anderson v. Bd. of Regents of Univ. Sys. of Ga.*, 822 F. Supp. 2d 1342, 1350 (2011) ("Although the Handbook provides examples of conduct that could lead to an employee's dismissal, it expressly reserves [the University's] 'right to immediately terminate the employment of any employee, if in the

---

[1]In ruling on a motion to dismiss, a court may consider a document if "it is mentioned in the complaint, it is central to [plaintiffs'] claims, and its authenticity is not disputed."  *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013).

sole discretion of the University administration, the circumstances warrant.'  The Eleventh Circuit has held that there is no property interest in continued employment when a state employer has such broad discretion to terminate the employee.") (citations to record omitted);  *Waltentas v. Lipper*, (S.D. N.Y. 1986) (no constitutionally protected property interest in opportunity to develop publicly-owned property where governmental entities retained right to terminate negotiations "if, in their sole discretion, they are not satisfied with the progress of negotiation. . . .").

Plaintiffs' argument that DentaQuest is constrained by a duty of good faith in exercising its right to terminate its at-will contractual relationship with Plaintiffs is not supported by New Mexico law.  *See Melnick v. State Farm. Mut. Auto. Ins. Co.*, 1988-NMSC-012, ¶ 13 ("[W]e do not recognize a cause of action for breach of an implied covenant of good faith and fair dealing in an at-will employment relationship.").

Plaintiffs' argument based on the "sole discretion" language in the DentaQuest Provider Manual misapprehends the effect of an illusory promise.  "Under current orthodoxy, a bilateral contract is void if there is no mutuality of consideration.  If the promise made by one or both parties is illusory or indefinite it does not constitute consideration."   Joseph M. Perillo, *Calamari and Perillo on Contracts* § 4.12 at 179 (6th ed. 2009).   New Mexico follows this rule.  *Heuser v. Kephart*,  215 F.3d 1186, 1192 (10th Cir. 2000) (citing and quoting *Bd. of Educ. v. James Hamilton Constr. Co.*, 119 N.M. 415, 420 (Ct. App. 1994)).   However, a New Mexico court would not, as Plaintiffs propose, rewrite the parties' agreement by striking the words "sole discretion," see *Smith v. Price's Creameries*, 1982-NMSC-102, ¶ 17(observing that "it is not province of the courts to alter

or amend a contract made by the parties for themselves"); rather, a New Mexico Court would refuse to enforce the agreement due to the lack of mutuality of consideration. Thus, if Plaintiffs' analysis were correct and DentaQuest's promise to purchase professional services from Plaintiffs were found to be illusory, Plaintiffs' due process claim would fail for lack of an enforceable contract.

Plaintiffs have not alleged substantive predicates that override DentaQuest's right to terminate its relationship with Plaintiffs "without cause" in the exercise of its "sole discretion," and, therefore, their proposed Second Amended Complaint fails to allege a constitutionally protected interest in the continuation of their status as a provider of professional services. The Court will deny Plaintiffs' motion to amend their due process claim on the ground that their proposed amended claim would be subject to dismissal for failure to state a claim.[2]

"When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998) (citing 28 U.S.C. § 1367(c)(3)). Having dismissed Plaintiffs' sole federal claim, the Court declines to exercise jurisdiction over Plaintiff's remaining state-law claims and Defendant DentaQuest's state-law counterclaims.

**WHEREFORE, IT HEREBY IS ORDERED** that Plaintiffs' *Motion to Amend Regarding Due Process Claim* [Doc. 82] is **denied**;

---

[2] In the alternative, HSD is entitled to dismissal because it is not a person for purposes of § 1983. *Ross v. Bd. of Regents of the Univ. of N.M.*, 599 F.3d 1114, 1117 (10th Cir. 2010).

**IT FURTHER IS ORDERED** that Defendant New Mexico Human Services Department's *Motion to Dismiss* [Doc. 22] is **granted** as to Plaintiffs' First Cause of Action, and that Plaintiffs' First Cause of Action is **dismissed with prejudice**;

**IT FURTHER IS ORDERED** that Plaintiffs' remaining claims and this action are **dismissed without prejudice**.

**So ordered this 30th day of September, 2016.**

_____

M. CHRISTINA ARMIJO
Chief United States District Judge